ORIGINAL

Receipt No. 0652866

# In the United States Court of Federal Claims

FILED
DEC 13 2006
U.S. COURT OF FEDERAL CLAIMS

TOMPKINS BUILDERS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-849 C

## COMPLAINT

Tompkins Builders, Inc. states its Complaint as follows:

### Parties

1. Plaintiff Tompkins Builders, Inc. is a corporation with its principal place of business in the District of Columbia.

2. The Defendant United States was acting by and through the Department of the Army.

### Jurisdiction

3. The Court of Federal Claims has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(2), which states that the United States Court of Federal Claims will have "jurisdiction to render judgment upon any claim by . . . a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978 . . . on which a decision of the contracting officer has been issued under section 6 of that Act."

Facts

4. On or about September 27, 2005, Defendant awarded Plaintiff Contract No. 2005*E159140*000 for the construction of the Station C Firing Range at the Warrenton Training Center in Warrenton, Virginia (hereinafter "Contract").

5. The Contract identified, in Section 2.2B of Specification 05610, the Defender 855 Dry Snail Bullet Trap as the required Bullet Containment System ("BCS") to be "fabricated by Savage Range Systems, Inc."

6. The Contract also included FAR 52.236-5, which allows a contractor to submit an equal product.

7. On or about October 18, 2005, Defendant issued the Notice to Proceed to Plaintiff.

8. On or about March 20, 2006, Plaintiff requested permission to use a BCS manufactured by Action Target, Inc. ("Action").

9. The Action BCS was fully compliant with the salient characteristics referenced in the Contract for the BSC.

10. On or about April 3, 2006, the Contracting Officer rejected Plaintiff's request to substitute the Action BCS for the specified Savage Range Systems ("SRS") BCS.

11. Plaintiff submitted additional requests for substitution consideration for the Action BCS on or about April 6, 2006, April 12, 2006, April 27, 2006, and May 4, 2006.

12. On or about May 4, 2006, Plaintiff requested consideration of three possible Action BCS substitutes, which were the functional equivalent of the specified BCS.

13. On or about May 15, 2006, Defendant rejected Plaintiff's proposed Action BCS substitutions and directed Plaintiff to provide the SRS BCS, which constituted a constructive

change under the contract. Defendant also breached the Contract, which contained FAR 52.236-5, by improperly disallowing Plaintiff to substitute an equivalent BCS in place of the specified BCS.

14. On or about May 26, 2006, Plaintiff submitted, under protest, its BCS proposal which contained the specified SRS BCS.

15. On or about June 23, 2006, Plaintiff submitted a certified claim in the amount of $637,163, which reflected the monetary difference between the SRS BCS and the Action BCS, and requested a Contracting Officer's Final Decision.

16. On or about August 23, 2006, the Contracting Officer issued her final decision denying Plaintiff's certified claim. This suit has been filed within one year of that final decision.

17. As a result of Defendant's constructive change and/or breach, Plaintiff suffered damages in the amount of $637,163 when it was forced to submit, under protest, a proposal containing the specified BCS.

WHEREFORE, Plaintiff requests:

The Court enter a judgment against the United States and for Plaintiff in the amount of $637,163, plus interest.

December 13, 2006

Douglas L. Patin, DC Bar 295139
Bradley Arant Rose & White
1133 Connecticut Ave., NW, 12th Floor
Washington, DC 20036
(p) 202-719-8213
(f) 202-719-8313
Attorney for Plaintiff

OF COUNSEL:
Robert Symon, Esq.
Christopher Danley, Esq.
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036