IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TOMPKINS BUILDERS, INC., Plaintiff, | ) | No. 06-849C |
| v. | ) | (Judge Wiese) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Tompkins Builders, Inc. ("Tompkins"), and defendant, the United States, respectfully submit this Joint Preliminary Status Report ("JPSR").

**4.A. Does the court have jurisdiction over the action?**

The parties are not presently aware of anything that would prohibit the Court from exercising jurisdiction over matters alleged in the complaint pursuant to section 609 of the Contract Disputes Act, 41 U.S.C. § 601, et seq. ("CDA"), and the Tucker Act, 28 U.S.C. § 1491(a).

**B. Should the case be consolidated with any other case and the reasons therefore?**

No.

**C. Should trial of liability and damages be bifurcated, and the reasons therefore?**

No.

**D. Should further proceedings in this case be deferred**

**pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, a schedule for the intended filing?**

Tompkins does not anticipate filing any such motion at this time.

The United States will consider filing a motion for summmary judgment. No decision will be made until guidance from the Court is received at the preliminary status conference. If a summary judgment motion is filed, then the earliest time that it will be filed is September 2007 because counsel has many, other pressing obligations at the present time.

**H. What are the relevant issues?**

The parties respectfully submit the following separate statements of relevant factual and legal issues.

Statement by Tompkins

I. Factual Issues

1. Tompkins disputes the Government's refusal to allow Tompkins to provide and install a bullet containment system manufactured by Action Target, Inc. pursuant to FAR 52.236-5.

2. Tompkins contends that the bullet containment system manufactured by Action Target, Inc. it proposed to install was the equal to the bullet trap device specified in Section 2.2B of Specification Section 05610 manufactured by Savage Range Systems, Inc.

3. Because the Government refused to approve the Action Target Bullet Containment System, Tompkins was forced to expend an additional $637,163 to provide the bullet trap device manufactured by Savage Range Systems, Inc.

II. Legal Issues

1. Whether the government constructively changed the contract by refusing to allow Tompkins to substitute an equal product under FAR 52.236-5.

2. Whether the government breached the contract by refusing to allow Tompkins to substitute an equal product under FAR 52.236-5.

3. Whether Tompkins is entitled to additional payment in the minimum amount of $637,163 as a result of the government's refusal to allow Tompkins to substitute an equal product under FAR 52.236-5.

## Statement by the United States

### I. Factual Issues

The most important facts to this case are merely the text of certain regulations, and the text of the contract. For the convenience of the Court, we are providing relevant quotations.

In its statement of issues, Tompkins relies upon 48 C.F.R. § 52.236-5. This regulation states, in relevant part:

> The Contractor may, at its option, use any equipment, material, article, or process that, in the judgment of the Contracting Officer, is equal to that named in the specifications, unless otherwise specifically provided in this contract.

48 C.F.R. § 52.236-5 (emphasis added).

Section J-2 of the contract specifically provides for a certain brand-name bullet-containment system:

> 2.2 Components
>
> . . . B. Bullet Containment System: Defender Model 855 Dry Snail Bullet Trap for a rifle range consisting of 16 lanes, with a lane width of 5 feet. In addition, 2.5 feet (1/2 lane width) will be allowed between lanes 1 and 16 and the lateral concrete walls. The BCS will be as fabricated by Savage Range Systems Inc, Westfield Massachusetts . . .

Contract, Section J-2, page 05600-4 (emphasis added).

Section J-14 of the contract further provides:

> 32. Please provide a list of approved Bullet Containment Contractors.
>
> Response: Savage Range Systems Inc.

Contract, Section J-14, page 7 of 20.

Section J-14 of the contract further provides:

> 64. May an alternative be used for the Bullet Containment System?
>
> Response: No.

Contract, Section J-14, page 13 of 20.

The regulations further provide that an agency must make findings, and obtain an approval, before limiting the acquisition of a certain product to a brand name item. 48 C.F.R. § 11.105; 48 C.F.R. § 6.302-1(c); 48 C.F.R. § 6.303-1; 48 C.F.R. § 6.304.

To the extent that the case is not summarily decided based upon the plain meaning of the contract, the principal material issue of fact in this case is whether the agency made findings supporting the brand-name designation and obtained the required approval for that designation.

## II. Legal Issues

The principal legal issues are as follows:

1. Whether the contract expressly required a specific bullet containment system manufactured by Savage Range Systems Inc.

2. Whether the plain meaning of the contract provision specifying a bullet containment system manufactured by Savage Range Systems Inc. should be enforced.

3. Assuming for the sake of argument that Tompkins could ever state a cause of action to challenge the contracting officer's discretion to designate the brand-name bullet containment system, whether Tompkins may seek reformation of the contract now after having failed to file a timely protest of the solicitation requirements.

4. Assuming for the sake of argument that Tompkins could ever state a cause of action to challenge the contracting officer's discretion to designate the brand-name bullet containment system, whether the brand-name designation is enforceable in this case because the agency created a document containing findings supporting the designation, and because the brand-name designation was approved by an official with authority to grant such approval.

We reject the suggestion in the Tompkins statement of legal issues that this Court possesses authority to review the merits of the agency's reasons for selecting the specified bullet containment system. The regulations vest that authority with an official at the agency. 48 C.F.R. § 6.304.

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Settlement is unlikely. No alternative dispute resolution proceeding is planned.

**J. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling?**

In the view of the United States, the likelihood of trial depends upon guidance from the Court at the hearing following the filing of the JPSR. If the Court agrees with the United States that the technical reasons for the agency's selection of the specified bullet containment system for its particular facility are not relevant to this case, then trial is not likely. In that event, the case may readily be decided upon summary judgment. However, in the event that the Court decides to entertain arguments concerning the technical merits of various bullet containment systems and concerning what bullet containment system is most appropriate to meet the needs of the agency, then the United States agrees with Tompkins that trial is likely to be needed.

If trial is needed, then the United States vigorously opposes expedited trial proceedings. Time will be needed to exchange documents, respond to interrogatories, take depositions, and resolve any security-related matters.

In the view of Tompkins, trial is likely. Due to the limited issues in this appeal, Tompkins asserts that an expedited trial schedule would be prudent.

**K. Are There Special Issues Regarding Electronic Case Management Needs?**

No.

**L. Is there any other information of which the court should be aware at this time?**

No.

**5. Proposed Discovery Plan**

The parties were unable to agree upon a joint schedule request. Accordingly, each party has provided its own proposal. To enable the Court to compare the schedules more easily, we have presented contrasting dates side by side.

Tompkins's Proposed Schedule

1. Fact discovery shall begin immediately following the preliminary status conference. No depositions shall be noticed until the parties have exchanged documents in response to document production requests, unless the parties agree to depositions at an earlier time. Fact discovery should be completed by:

Tompkins: September 30, 2007;

United States: June 30, 2008.

All requests pursuant to RCFC 31, 33, 34 and 36 served after the following date shall be deemed untimely:

Tompkins: August 31, 2007;

United States: May 31, 2008.

2. The party with the burden of proof regarding an issue shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by:

Tompkins: November 30, 2007;

United States: August 31, 2008.

3. All rebuttal experts, required information, and expert reports shall be disclosed by:

Tompkins: January 15, 2008;

United States: October 15, 2008.

4. All expert discovery shall be completed by:

Tompkins: February 28, 2008;

United States: November 30, 2008.

5. The meeting of counsel required by RCFC, Appendix A, paragraph 13 shall take place no later than:

Tompkins: March, 2008;

United States: December 15, 2008.

At this meeting, the parties shall exchange a list of trial exhibits and a list of summary exhibits that may be offered at trial for the truth of the statements contained in such exhibits. The parties shall also exchange information concerning proposed

summary exhibits, as required by RCFC, Appendix a, paragraph 13. In addition, the parties shall exchange witness lists, as required by the same rule.

6. Tompkins shall file its memorandum of contentions of fact and law, as required by RCFC, Appendix A, paragraph 14(a), its witness list, as required by RCFC, Appendix A, paragraph 15, and its exhibit list, as required by RCFC, Appendix A, paragraph 16, by:

Tompkins: April 15, 2008;

United States: February 5, 2009.

7. The United States shall files its memorandum of contentions of fact and law, as required by RCFC, Appendix A, paragraph 14(b), its witness list, as required by RCFC, Appendix A, paragraph 15, and its exhibit list, as required by RCFC, Appendix A, paragraph 16, by:

Tompkins: May 15, 2008;

United States: March 5, 2009.

8. The pretrial conference shall be held on:

Tompkins: May 31, 2008;

United States: March 26, 2009

Respectfully submitted,

S/ Douglas L. Patin
DOUGLAS L. PATIN
Bradley Arant Rose & White
1133 Connecticut Avenue, N.W.
12th Floor
Washington, DC 20036
Tele: 202-719-8213
Fax: 202-719-8313

Attorney for Plaintiff

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

June 7, 2007

CERTIFICATE OF FILING

I hereby certify that on June 7, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier